**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

David Dress, on behalf of himself
and all others similarly situated,

        Plaintiff,

  v.

Capital One Bank (USA), N.A.,

        Defendant.

CASE NO. _____

**CLASS ACTION COMPLAINT**

Plaintiff, DAVID DRESS, on behalf of himself and all others similarly situated, sues Defendant, CAPITAL ONE BANK (USA), N.A., and alleges:

**INTRODUCTION**

1. Plaintiff asserts this action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated throughout the United States, for damages and other relief arising from Capital One's routine practice of charging interest on credit card accounts on transactions that are fully paid by the billing period due date.

2. Capital One, like other major credit card companies, provides consumers a grace period to pay their credit card balances. This grace period is promised to consumers in both their Capital One Credit Card Agreement and in the disclosures on the back of their monthly statements. But unlike other major credit card companies, Capital One fails to tell consumers they can lose their grace period on all future transactions by failing to pay off their balance in full in a prior month.

3. Plaintiff Dress and reasonable American consumers understand the general rule that when making a purchase with a credit card, they will be hit with interest charges on purchase if

1

they do not pay for those purchases, in full, by the next billing statement's due date. Reasonable consumers also understand the converse to be true: if they pay for their purchases on time, they will avoid paying interest on those purchases.

4. Capital One's credit card contracts affirm these common sense understandings, but Capital One's actual practice does not. Capital One customers who pay off purchases, in full, in a given month are often shocked to find that they are still charged interest on their next month's bill for those same purchases.

5. Capital One affirmatively misrepresents and omits in its contracts with consumers that they may be forced to pay interest on amounts that are paid in full by the statement date. Capital One's contracts and disclosures state, and lead reasonable consumers like Plaintiff to believe, that consumers who pay off new purchases in full by the due date for the billing cycle with not be charged interest on such purchases

6. In actuality, if a Capital One consumer fails to pay his entire balance by the statement due date, then Capital One takes away the interest-free grace period on all future purchases, causing interest charges to accrue the moment a customer makes a purchase. This is true regardless of whether the consumer pays his upcoming credit card balance in full. Accordingly, contrary to their reasonable expectations, consumers are charged interest on new purchases that are paid in full by the statement date.

7. Indeed, when a consumer has not paid off his statement balance in full, Capital One charges interest on all new purchases from the moment they are made (with no grace period) simply because <u>other</u>, prior purchases were not paid off in full. No reasonable consumer would expect this to be so and nowhere is the counterintuitive practice disclosed by Capital One.

2

8. Plaintiff and members of the class were improperly charged interest on amounts that were fully paid by the statement due date, contrary to their reasonable expectations and the express terms of Capital One's contract with consumers.

9. This practice is not only a breach of contract, it is also unfair and deceptive.

10. Plaintiff and other Capital One customers have been injured by Capital One's practices. On behalf of himself and the putative class, Plaintiff seeks damages and restitution for Capital One's breach of contract. Additionally, Plaintiff seeks an injunction on behalf of the general public to prevent Capital One from continuing to engage in its illegal practices.

## PARTIES

11. Plaintiff, David Dress, is a citizen and resident of the State of Massachusetts and has had a credit card with Capital One at all times material hereto.

12. Defendant Capital One is a federal bank headquartered in McLean, Virginia. Capital One is the fourth largest credit card issuer in the United States, and has approximately $91 billion outstanding credit card loans to consumers.[1]

## JURISDICTION AND VENUE

13. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes is a citizen of a different state than Capital One.

---

[1] Robert Harrow, *Largest U.S. Credit Card Issuers: 2017 Market Share Report*, ValuePenguin (Jun. 27, 2017), https://www.valuepenguin.com/largest-credit-card-issuers.

14. This Court has personal jurisdiction over the Defendant because Defendant is a corporation that is headquartered in the state of Virginia and otherwise conducts business in this District.

15. Venue is likewise proper in this district pursuant to 28 U.S.C. § 1391 because Capital One is headquartered in this District and regularly conducts business within this District.

## FACTUAL ALLEGATIONS

### A. Capital One's Contract Promises Consumers No Interest on Amounts that are Paid In Full by the Billing Cycle Due Date

16. American consumers understand that when they use their credit card to make a purchase, their credit card balance will not begin to accrue interest immediately. Rather, consumers are accustomed to—and indeed almost all major credit cards offer—a "grace period" for consumers to pay off new charges before they start accruing interest.

17. Like other credit card issuers, Capital One expressly promises consumers they will receive an interest-free grace period on all purchases, so long as those purchases are paid off before the end of the monthly grace period.

18. Capital One's Credit Card Agreement specifically promised Plaintiff and other class members an interest-free grace period on their purchases:

> We will charge Interest Charges and Fees to your Account as disclosed on your Statement and other Truth-in-Lending Disclosures. In general, Interest Charges begin to accrue from the day a transaction occurs. However, **we will not charge you interest on any new transactions...if you paid the total balance across all Segments of your Account in full by the due date on your Statement each month**.

Ex. A at 2 (emphasis added).

19. Thus, pursuant to the Credit Card Agreement, Capital One may not charge interest on purchase balances that the customer pays in full before the statement due date.

4

20. Capital One reiterates its promise not to charge interest during the grace period on the back of its monthly credit card statements. The disclosure on the back of the statements reads as follows:

> How is the Interest Charge applied? Interest Charges accrue from the date of the transaction or the first day of the Billing Cycle. **Interest Charges accrue on every unpaid amount until it is paid in full.** This means you may owe Interest Charges even if you pay the entire New Balance for one Billing Cycle, but did not do so the previous Billing Cycle.

Ex. B (emphasis added).

21. Together, Capital One's disclosures to consumers make clear that new purchases will not be charged interest if those new purchases are paid off by the billing cycle's due date.

22. But Capital One does not honor this promise to consumers. Instead, because of murky rules only known to itself, Capital One provides no grace period on new purchases paid within 30 days, simply because <u>other</u>, prior purchases were not paid off in full in the past. That makes no sense and is nowhere disclosed.

### B. Capital One's Actual Practice

23. If a consumer makes a $100 purchase on his Capital One credit card, and he pays off that entire balance by the due date of his next statement, he will pay no interest on that purchase because of the grace period promised by Capital One. Indeed, if he pays his statement balance in full every month, he will enjoy an interest-free grace period on all his purchases and never pay interest charges.

24. But if, during one month, he does not pay his statement balance in full, he is in for an unpleasant surprise.

25. Here's how Capital One's undisclosed practice actually works. Without notifying consumers, Capital One eliminates the grace period *for all new purchase*s if a consumer does not

5

pay off his entire statement balance in a given month. If a consumer leaves even $1 on his account balance after a billing period due date, Capital One eliminates the grace period for all subsequent new purchases—<u>even for new purchases fully paid off by the next billing cycle's due date.</u>

26. In other words, with a Capital One card, keeping a balance into the next billing cycle means there is no grace period on your purchases during that cycle. The card starts charging interest on your purchases the day you make them. But Capital One never informs consumers of this. In fact, Capital One affirmatively represents *the opposite*—that it will not charge interest on new transactions if a consumer pays their statement in full for the month by the due date, and that it will only charge interest on "unpaid amounts."

### C. There is Significant Confusion Among Capital One's Customers

27. Capital One is well aware that consumers do not understand the complexity of its machinations, yet it still issued confusing and ambiguous disclosures on this point.

28. This is true even though the Consumer Financial Protection Bureau ("CFPB") has warned that consumers are confused by this practice:

> Regaining a grace period is another source of complexity as "trailing interest" comes into play. Trailing interest occurs when customers are assessed interest between the beginning of the billing cycle and the date on which they make payment in full. For consumers who pay their credit card balance in full each month, the grace period is a very simple concept to understand: they simply need to know when they must make payment to avoid an assessment of interest. But for consumers who revolve their balance, it is uncertain whether they understand that – unlike transactors -- they will be assessed interest on the unpaid balance from the beginning of the billing cycle and on new purchases made in the billing cycle and future billing cycles from the moment of a purchase until the consumer qualifies for the grace period again. And for consumers seeking to pay off their balance, it is unclear if they understand the potential for trailing interest. Disclosing these complexities in a clear manner is quite challenging.

29. Indeed, the CFPB has received numerous complaints from Capital One customers who had no idea they would not receive a grace period on new purchases even if they pay off their balance in full by the due date, merely because of a prior unpaid balance. The following excerpts from consumers' complaints to the CFPB illustrate the yawning gap between Capital One's policies and consumers' understanding of Capital One's policies:

> I have a Capital One credit card. I paid off my entire monthly balance prior to the due date, yet I was hit with an interest charge. The company said it was practice for interest to be charged unless the card balance was paid off for two consecutive months. It doesn't seem appropriate to be charged interest on top of prior principal and interest after the card was paid off during the current cycle.
>
> . . .
>
> I paid my balance in full last month, yet was charged interest because I did not pay the balance the month before. It was explained that even though I was already charged interest on the previous months charges, and then paid the account balance prior to the due date as it was billed, I was being penalized for not paying it off the month before and that the Capital One cards are not like other cards, in that the only way to avoid interest is to pay it off each and every month. Again, I paid the balance in full prior to the due date. Also, when asking that the XXXX-dollars and some change be waived as a courtesy, I was advised that there were currently no offers to waive the fee.
>
> . . .
>
> I was charged interest on purchases for a credit card that had been paid in full the prior month. When I called to find out why I was charged interest, I was told that the interest was residual interest and unless I paid my account in full 2 months in a row, there would be residual interest. I asked them to explain to me what purchases had residual interest and they could not explain it.
>
> . . .
>
> Capital One has charged me interest when I paid the balance printed on the current statement in full and by the due date. The supervisor is claiming this is due to the fact that charges posted afterward. When I questioned the most recent statement, I was advised that this was because my due date was on the XXXX, but my next bill generated on the XXXX, resulting in further charges being due. I

asked how I could be charged interest on something that hadn't yet been reflected on any billing and the same answer was repeated. The charges have not been credited back to my account. I even asked the supervisor if this is legal under the Credit Card Act, but again, received the same answer. I also read this to the supervisor. The XXXX line on the back of their bill reads as follows : How can I avoid paying interest charges? If you pay your statement 's New Balance in full by the due date ( which I did ), we will not charge you interest on the portion of the balance that you did not pay. It made no difference.

. . .

I paid my balance in full prior to the due date and was charged additional intrest [sic]. Based on what I can tell Capital One is charging interest on the purchase balance as if it were a loan balance. My due date was XX/XX/XXXX. I paid my balance in full on XX/XX/XXXX and was charged interest on the average daily balance.

. . .

On XX/XX/XXXX I called Capital One to get my balance so that I could pay off the balance in full. On XX/XX/XXXX, I paid the balance that was quoted to me on XX/XX/XXXX. When I received my statement, I had been charged interest. When I called to find out why I had been charged interest when the balance had been paid before my billing cycle date, I was advised that it could take up to two billing cycles before the interest charges would stop. We have a total of 4 accounts. We paid the balances on all 4 accounts. We have received invoices for 2 accounts that have been charged interest. I feel that the other 2 statements will also have interest charges. I was only able to list one in the field for the account number.[2]

30. In recognition that eliminating the grace period on new purchases based on a prior unpaid balance is a counterintuitive concept for most consumers, *other* credit card issuers carefully

---

[2] Complaints were taken from the CFPB's Consumer Complaint Database, available at https://www.consumerfinance.gov/data-research/consumer-complaints/ . The CFPB describes its database as follows: "Each week we send thousands of consumers' complaints about financial products and services to companies for response. Those complaints are published here after the company responds or after 15 days, whichever comes first. By adding their voice, consumers help improve the financial marketplace."

word their agreements with consumers so as to clearly disclose the process. For example, Citibank explicitly says:

> To get a grace period on purchases, you must pay the New Balance by the payment due date every billing cycle. If you do not, you will not get a grace period until you pay the New Balance for two billing cycles in a row.

31. In other words, Citibank chooses to tell its customers in plain English how the grace period works. Capital One, on the other hand, obscures the grace period mechanism behind confusing disclosures that nowhere clearly state that consumers lose the grace period on all future transactions merely because of a prior unpaid balance.

32. Capital One itself knows how to state its true practice is plain English: when Plaintiff called the customer service line to complain about his interest charges, the customer service representative told him that he would get no grace period unless he paid his full statement balance for two months straight. No similarly plan statement of Capital One's true practice ever made its way into its written disclosures.

33. In sum, Capital One is not authorized by contract to charge interest on amounts that are paid in full by the statement due date, but it has done so and continues to do so.

### A. **Plaintiff Dress's Experience**

34. Mr. Dress is a retired programmer for a printing company in Leominster, Massachusetts, who presently lives on a fixed income from social security disability insurance.

35. About nine years ago, Plaintiff Dress opened a credit card with Capital One to improve his credit.

36. That credit card came with an annual fee and no rewards, so about a year ago, Mr. Dress requested a credit card with no annual fee and a rewards program from Capital One.

37. Capital One provided Mr. Dress with an "upgraded" Platinum MasterCard credit card with these features. The representative that Mr. Dress spoke with who extended the offer never mentioned that the card could accrue residual interest charges.

38. Mr. Dress's credit card agreement also specifically prohibited the assessment of residual interest charges by promising Plaintiff an interest-free grace period on his purchases. *See* Exhibit A.

39. The monthly credit card statements that Mr. Dress received reaffirmed Capital One's equipment to not charge interest during the grace period. *See* Exhibit B.

40. In or around May 2017, Mr. Dress noticed that Capital One charged him interest on new purchases, even though he had paid off his entire statement balance before the due date. He complained to Capital One, and they agreed to credit him the interest charge.

41. In or around June 2017, Mr. Dress again noticed that Capital One had charged him interest on new purchases, even though he had paid off his entire previous statement balance before the due date. He complained to Capital One, and this time a representative insisted that he must pay the statement balance and not carry a balance for two statements in order to avoid residual interest charges.

42. Mr. Dress did not see any authorization for such charges in his credit card agreement. He also has used several other credit cards and never experienced such charges under similar circumstances.

43. In January of 2018, Mr. Dress's wife, who also has a Capital One-issued credit card, was also charged interest on new purchases after paying off her entire previous statement balance before the due date.

10

## CLASS ALLEGATIONS

44. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23. The proposed classes are defined as:

> All Capital One credit card account holders who were charged interest on amounts that were paid in full before the due date.

In addition, the proposed Massachusetts subclass is defined as follows:

> All Capital One credit card account holders in Massachusetts who were charged interest on amounts that were paid in full before the due date.

All of the classes are collectively referred to as the "Classes."

45. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated pursuant to Fed. R. Civ. P. 23. Excluded from the class are Capital One, its subsidiaries and affiliates, its officers, directors and member of their immediate families and any entity in which defendant has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

46. Plaintiff reserves the right to modify or amend the definition of the proposed Classes if necessary before this Court determines whether certification is appropriate.

47. This case is properly brought as a class action under Fed. R. Civ. P. 23(a) and (b)(3), and all requirements therein are met for the reasons set forth in the following paragraphs.

48. *Numerosity under Fed. R. Civ. P. 23(a)(1)*. The members of the Class are so numerous that separate joinder of each member is impracticable. Upon information and belief,

11

and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Capital One's records. Capital One has the administrative capability through its computer systems and other records to identify all members of the Class and the amount of interest paid by each Class member, and such specific information is not otherwise available to Plaintiff.

49. *Commonality under Fed. R. Civ. P. 23(a)(2)*. There are numerous questions of law and fact common to the Class relating to Capital One's business practices challenged herein, and those common questions predominate over any questions affecting only individual Class members. The common questions include, but are not limited to:

a) Whether Capital One improperly charged interest on amounts that were paid in full before the due date;

b) Whether Capital One improperly charged interest before they were contractually authorized to do so;

c) Whether Capital One abused its contractual discretion to charge interest on amounts that were paid in full before the due date;

d) Whether Capital One developed and engaged in unlawful practices that mischaracterized or concealed its true practices as they pertain to charging interest on amounts that were paid in full before the due date; and

e) Whether Plaintiff and other members of the Class have sustained damages as a result of Capital One's assessment and collection of interest charges on transactions from the day they were made and the proper measure of damages.

50. *Typicality under Fed. R. Civ. P. 23(a)(3)*. Plaintiff's claims are typical of the claims of the other Class members in that they arise out of the same wrongful business practice by Capital One, as described herein.

51. *Adequacy of Representation under Fed. R. Civ. P. 23(a)(4)*. Plaintiff is an adequate representatives of the Class in that he has a Capital One credit card and has suffered damages as a result of Capital One's assessment and collection of improper interest charges. In addition:

a) Plaintiff is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers against financial institutions;

b) There is no hostility of interest between Plaintiff and the unnamed Class members;

c) Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

52. *Predominance under Fed. R. Civ. P. 23(b)(3)*. The questions of law and fact common to the Class as set forth in the "commonality" allegation above predominate over any individual issues. As such, the "commonality" allegations (paragraph 73 and subparts) are restated and incorporated herein by reference.

53. *Superiority under Fed. R. Civ. P. 23(b)(3).* A class action is superior to other available methods and highly desirable for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is very small relative to the complexity of the litigation and since the financial resources of Capital One are enormous, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and Capital One's misconduct will proceed without remedy. In addition, even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of

bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

54. All conditions precedent to bringing this action have been satisfied and/or waived.

### **FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**
**(On Behalf of the Classes)**

55. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

56. Plaintiff and the Classes formed a contract with Capital One. The terms of that contract include the promises and affirmations of fact made by Capital One in the Credit Card Agreement as described above.

57. Specifically, Capital One customers were promised a grace period on new purchases when they paid their purchase balances in full before the due date. They were also promised that Capital One would only charge interest on "unpaid amounts."

58. Capital One breached the express terms of the account documents by charging interest to Plaintiff and the Classes on amounts that were paid in full before the due date.

59. No contract provision authorizes Capital One to charge interest on amounts that are paid in full before the due date. Rather, the contract only authorizes Capital One to charge interest on outstanding balances.

60. Therefore, Capital One breached the terms of its account documents by charging Plaintiff and class members interest on amounts that were paid in full before their due date.

61. Plaintiff and members of the Classes have performed all, or substantially all, of the obligations imposed on them under the contract.

62. Plaintiff and members of the Classes have sustained damages as a result of Capital One's breach of the contract.

### SECOND CLAIM FOR RELIEF
**(Breach of the Covenant of Good Faith and Fair Dealing)**
**(On Behalf of the Classes)**

63. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

64. Plaintiff and the Classes formed a contract with Capital One. The terms of that contract include the promises and affirmations of fact made by Capital One in the Credit Card Agreement as described above.

65. Under the law of Virginia, good faith is an element of every contract pertaining to the assessment of interest charges. Whether by common law or statute, all such contracts impose upon each party a duty of good faith and fair dealing. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

66. Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

67. Capital One has breached the covenant of good faith and fair dealing in the contract through its policies and practices as alleged herein.

68. Specifically, Capital One harms consumers by abusing its contractual discretion to assess interest charges and to interpret certain contract provisions in a way in which no reasonable consumer would anticipate.

69. Capital One uses its contractual discretion to cause consumers to pay interest on amounts that were paid in full by the due date.

70. Plaintiff and members of the Classes have performed all, or substantially all, of the obligations imposed on them under the account documents.

71. Plaintiff and members of the Classes have sustained damages as a result of Capital One's breach of the covenant of good faith and fair dealing.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of the Class demand a jury trial on all claims so triable and judgment against Defendant as follows:

A. An order certifying that this action may be maintained as a class action, that Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed Class Counsel;

B. Declaring that Defendant's policies and practices to be wrongful, unfair, and unconscionable;

C. Ordering Capital One to immediately cease the wrongful conduct set forth above and enjoining Capital One from conducting business via the unlawful and unfair business acts and practices complained of herein;

D. Restitution of all interest charges paid to Capital One by Plaintiff and the Classes as a result of the wrongs alleged herein in an amount to be determined at trial;

E. Actual and punitive damages in an amount to be determined at trial;

F. Pre-judgment interest at the maximum rate permitted by applicable law;

G. Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law;

H. Granting such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Respectfully submitted,
**DAVID DRESS**

By: */s/ Kristi C. Kelly*
Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey S. Nash, Esq., VSB #84261
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
Email: casey@kellyandcrandall.com

Nicholas A. Migliaccio, Esq. (pro hac vice forthcoming)
Jason S. Rathod, Esq. (pro hac vice forthcoming)
Migliaccio & Rathod LLP
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Attorneys for Plaintiff